# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Ira Carroll,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Experian Information Solutions, Inc., and Mountain Run Solutions, LLC,<br><br>　　　　Defendants. | Case No.:<br><br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, IRA CARROLL, BY AND THROUGH COUNSEL, Daniel M. Brennan, Esq., and for her Complaint against the Defendants, pleads as follows:

## **JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]) and an action for damages brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. §1692 *et seq.*("FDCPA").

1

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of McDonough, Henry County, Georgia.

4. Venue is proper in the Northern District of Georgia, Atlanta Division.

## PARTIES

5. Plaintiff is a natural person residing in City of McDonough, Henry County, Georgia.

6. The Defendants to this lawsuit are:

    a. Experian Information Solutions, Inc. ("Experian") is a foreign corporation that conducts business in the State of Georgia; and

    b. Mountain Run Solutions, LLC ("Mountain Run") is a foreign limited liability that conducts business in the State of Georgia.

## GENERAL ALLEGATIONS

7. Mountain Run is attempting to collect a debt allegedly owed by Plaintiff in the amount of $1,253 (alleged Debt") to the original creditor Brinks ("Obsolete Tradeline").

8. The statute of limitations ("SOL") to collect the alleged Debt has expired. The SOL for written contracts is six years.

9. Plaintiff last made a payment towards the alleged Debt in March 2011.

2

10. Brinks charged off the alleged Debt account in 2012.

11. The limitations period for consumer reporting agency reporting the Obsolete Tradeline has expired as it has been seven (7) years since the date of first delinquency on the account.

12. On May 21, 2021, Plaintiff obtained her Experian credit disclosure and noticed the Obsolete Tradeline still reporting.

13. On or about May 28, 2021, Plaintiff, through Credit Repair Lawyers of America, submitted a letter to Experian disputing the Obsolete Tradeline.

14. In her dispute letter, Plaintiff explained that she last made payment toward the alleged Debt in March 2011 and that Brinks charged off the account in 2012. Plaintiff attached a billing history confirming same. Plaintiff asked Experian to delete the Obsolete Tradeline.

15. Experian forwarded Plaintiff's consumer dispute to Mountain Run.

16. Mountain Run received Plaintiff's Consumer dispute from Experian.

17. On June 16, 2021, in response to Plaintiff's dispute, Mountain Run verified to Experian that its reporting of the Obsolete Tradeline was accurate.

18. On or about June 20, 2021, Plaintiff obtained her Experian credit disclosure which showed that Experian and Mountain Run failed or refused to delete the Obsolete Tradeline.

19. On June 2, 2021, Plaintiff through Credit Repair Lawyers of America, submitted a letter to Mountain Run disputing the Obsolete Tradeline. Mountain Run received the Plaintiff's dispute letter on June 8, 2021.

20. On or about June 20, 2021, Plaintiff obtained her Experian credit disclosure which showed Mountain Run last reported the Obsolete Tradeline on June 18, 2021 and failed or refused to flag it as disputed in violation of the FDCPA.

21. Defendant had more than ample time to instruct Experian to flag the Obsolete Tradeline as disputed.

22. The Obsolete Tradeline is being reported in violation of credit reporting industry standards and is completely incorrect.  It is also misleading to any user of Plaintiff's credit report who would consider extending credit to Plaintiff.  The Obsolete Tradeline is also depressing Plaintiff's credit score and thus, greatly reduces her ability to obtain credit necessary for jobs, housing, and maintain her standard of living.

23. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit files or improve her financial situation by

obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

24. Plaintiff has suffered credit, pecuniary and emotional damages as a result of Mountain Run's violations of the FDCPA.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MOUNTAIN RUN SOLUTIONS LLC

25. Plaintiff realleges the above paragraphs as if recited verbatim.

26. After being informed by Experian of Plaintiff's consumer dispute of the Obsolete Tradeline, Mountain Run negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

27. Mountain Run negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Experian to delete the Obsolete Tradeline and/or flag it as disputed.

28. The Obsolete Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Experian to which it is reporting such tradeline.

29. As a direct and proximate cause of Mountain Run's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

5

30. Mountain Run is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

31. Plaintiff has a private right of action to assert claims against Mountain Run arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Mountain Run for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY MOUNTAIN RUN SOLUTIONS LLC

32. Plaintiff realleges the above paragraphs as if recited verbatim.

33. After being informed by Experian that Plaintiff disputed the accuracy of the information it was providing, Mountain Run willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax delete the Obsolete Tradeline and/or flag it as disputed.

34. Mountain Run willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

35. As a direct and proximate cause of Mountain Run's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

36. Mountain Run is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Mountain Run for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

37. Plaintiff realleges the above paragraphs as if recited verbatim.

38. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

39. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

40. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

41. After receiving Plaintiff's consumer dispute to the Obsolete Tradeline, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

42. Experian negligently reported the Obsolete Tradeline even though it has been seven (7) years since the date of first delinquency in violation of 15 U.S.C. 1681c(a)(4).

43. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

44. Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

45. Plaintiff realleges the above paragraphs as if recited verbatim.

46. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

47. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

48. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

49. After receiving Plaintiff's consumer dispute to the Obsolete Tradeline, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

50. Experian willfully reported the Obsolete Tradeline even though it has been seven (7) years since the date of the first delinquency in violation of 15 U.S.C. 1681c(a)(4).

51. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

52. Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT V

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY MOUNTAIN RUN

53. Plaintiff reincorporates the preceding allegations by reference.

54. At all relevant times Mountain Run, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

55. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

56. Mountain Run is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

57. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692e(2) by misrepresenting the alleged Debt by collecting on the alleged Debt even though the SOL has expired. Also, Plaintiff reported the Obsolete Tradeline associated with the alleged Debt on Plaintiff's Experian credit disclosure.

    b. 15 U.S.C. §1692e(8) by reporting credit information which is known to be false, including failure to communicate that a disputed debt is disputed.

    c. 15 U.S.C. §1692f using unfair or unconscionable means by collecting on the alleged Debt even though the SOL has expired.

58. To date, and a direct and proximate cause of the Mountain Run's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from a degraded credit report and credit score. Mountain Run has willfully continued to report false information on the Plaintiff's credit report.

59. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant her damages plus costs, interest and attorneys' fees as provided by the Fair Debt Collection Practices Act.

## **JURY DEMAND**

Plaintiff hereby demands a trial by Jury.

DATED: July 28, 2021

>By: ***/s/ Daniel Brennan*** 
>Daniel Brennan 
>Bar Number 271142 
>Credit Repair Lawyers of America 
>22142 West Nine Mile Road 
>Southfield, MI 48033 
>Telephone: (248) 353-2882 
>Facsimile: (248) 353-4840 
>E-Mail: daniel@crlam.com 
>*Attorneys for Plaintiff,* 
>*Ira Carroll*