# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Ira Carroll,

      Plaintiff,

   vs.

Experian Information Solutions, Inc., and
Mountain Run Solutions, LLC,

      Defendants.

Case No.: 1:21-cv-03034-MLB-JCF

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST MOUNTAIN RUN SOLUTIONS, LLC

## STATEMENT OF FACTS

### 1. Procedural Background

Plaintiff filed the complaint for the above-captioned matter on July 28, 2021. (Doc #1.)  Plaintiff served Defendant Mountain Run Solutions, LLC ("Mountain Run") by personal service on October 8, 2021.  (Doc #7.)  As a result of Mountain Run's failure to timely answer or otherwise respond to the complaint, Plaintiff requested this Court to enter default against Mountain Run on November 4, 2021, which this Clerk did on the following day.  (Doc #13.)  Plaintiff mailed the request for default to Mountain Run on November 4, 2021.  (*Id*.)

Plaintiff now moves for a default judgment against Mountain Run.

2. **Allegations in the Complaint**

Mountain Run is attempting to collect a debt allegedly owed by Plaintiff in the amount of $1,253 (alleged Debt") to the original creditor Brinks ("Obsolete Tradeline").  (Doc #1, ¶7.)  The statute of limitations ("SOL") to collect the alleged Debt has expired.  (Doc #1, ¶8.) The SOL for written contracts is six years.  (*Id*.) Plaintiff last made a payment towards the alleged Debt in March 2011 and Brinks charged off the alleged Debt account in 2012. (Doc #1, ¶¶ 9,10.)  The limitations period for consumer reporting agency reporting the Obsolete Tradeline has expired as it has been seven (7) years since the date of first delinquency on the account.  (Doc #1, ¶11.)

On May 21, 2021, Plaintiff obtained her Experian credit disclosure and noticed the Obsolete Tradeline still reporting.  (Doc #1, ¶12.)  On or about May 28, 2021, Plaintiff, through Credit Repair Lawyers of America, submitted a letter to Experian disputing the Obsolete Tradeline.  (Doc #1, ¶13.)  In her dispute letter, Plaintiff explained that she last made payment toward the alleged Debt in March 2011 and that Brinks charged off the account in 2012. Plaintiff attached a billing history confirming same and asked that the Obsolete Tradeline be deleted.  (Doc #1, ¶ 14.).  Experian forwarded Plaintiff's consumer dispute to Mountain Run, which Mountain Run received. (Doc #1, ¶¶ 15, 16.)  On June 2, 2021, Plaintiff through Credit Repair Lawyers of America, submitted a letter to Mountain Run disputing the

Obsolete Tradeline. (Doc #1, ¶19.)  Mountain Run received the Plaintiff's dispute letter on June 8, 2021.  (*Id.*)  On June 16, 2021, in response to Plaintiff's dispute, Mountain Run verified to Experian that its reporting of the Obsolete Tradeline was accurate.  (Doc #1, ¶¶ 17.)  On or about June 20, 2021, Plaintiff obtained her Experian credit disclosure which showed that Mountain Run failed or refused to delete the Obsolete Tradeline and Mountain Run last reported the Obsolete Tradeline on June 18, 2021 and failed or refused to flag it as disputed in violation of the Fair Debt Collection Practices Act ("FDCPA")  (Doc #1, ¶18, 20.)

Mountain Run failed to conduct a proper investigation of Plaintiff's dispute. (Doc #1, ¶¶ 18, 26, 33)  Mountain Run failed to review all relevant information available to it and provided by Experian. (Doc #1, ¶¶ 17, 27, 34.)  The Obsolete Tradeline is inaccurate and creates a misleading impression in Plaintiff's Experian credit file. (Doc #1, ¶ 28, 34.)

As a direct and proximate cause of Mountain Run's failures to comply with the Fair Credit Reporting Act ("FCRA") and the FDCPA, Plaintiff has suffered credit and emotional damages. (Doc #1, ¶ 23, 24.)  Plaintiff has also experienced undue stress and anxiety due to Mountain Run's failures to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of Mountain Run's violations of the FCRA. (Doc #1, ¶ 23, Exhibit 1.)  Moreover, Plaintiff has suffered mental anguish, suffering, humiliation,

and embarrassment as a result of Mountain violations of the FCRA. (Doc #1, ¶¶ 29, 35, Exhibit 1.)  As a result of her emotional distress, Plaintiff has suffered from loss of sleep and headaches.  (Exhibit 1, ¶¶ 4-5.)

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Under Rule 55(b)(2), a party may apply for the court to enter a default judgment, and the "court may conduct hearings or make referrals— preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

## LAW & ARGUMENT

"Prior to obtaining a default judgment, the party seeking judgment must first obtain an entry of default." *Otero v. Vito*, No. 04-cv-211, 2007 WL 879287, at *1 (M.D. Ga. Mar. 21, 2007), citing Fed. R. Civ. P. 55(a). "After entry of default, a plaintiff is required to seek a default judgment from the court." *Otero*, 2007 WL 879287 at *1, citing Fed R. Civ. P. 55(b). "The Clerk's entry of default causes all well-pleaded allegations of facts to be deemed admitted. The Court must accept

these facts as true and determine whether they state a claim upon which relief may be granted.  If the Court determines that a default judgment can be granted, the Court then must decide the issue of damages.  'If, in order to enable the court to enter judgment ... it is necessary to take an account or to determine the amount of damages ... the court may conduct such hearings or order such references as it deems necessary and proper....'" *Otero*, 2007 WL 879287 at *1 (citations omitted).

Plaintiff properly served process on Mountain Run on October 8, 2021.  (Doc #7.) The summons and complaint were addressed to Mountain Run and explained the consequences of not answering the complaint within twenty-one (21) days, pursuant to Federal Rule of Civil Procedure 12(a). Mountain Run has not answered or otherwise made an appearance, and the Clerk entered a default against Mountain Run on November 5, 2021.

### 1.  <u>Mountain Run violated the FDCPA</u>

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692. Among other things, the FDCPA prohibits debt collectors from "using any false, deceptive, or misleading representation or means in connection with the collection of any debt." § 1692e.

Mountain Run violated the FDCPA by misrepresenting the alleged Debt by attempting to collect on the alleged Debt even though the SOL has expired.   15 U.S.C. §1692e(2).  Also, Plaintiff reported the Obsolete Tradeline associated with the alleged Debt on Plaintiff's Experian credit disclosure.  Id. Mountain Run also violated the FDCPA by reporting credit information which is known to be false, including failure to communicate that a disputed debt is disputed.   15 U.S.C §1692e(8).   Mountain Run last reported the Obsolete Tradeline on June 18, 2021 and failed or refused to flag it as disputed in violation of the Fair Debt Collection Practices Act.  (Doc #1, ¶18, 20.)

### 2.  <u>Mountain Run violated the FCRA</u>

"A consumer may show a violation of an information furnisher's duty under § 1681s–2(b)(1)(A) by showing that the furnisher's investigation was not reasonable." *Boggio v. USAA Fed. Savings Bank*, 696 F.3d 611, 616 (6th Cir. 2012).  "[T]he term 'investigation' itself denotes a 'fairly searching inquiry,' or at least something more than a merely cursory review." *Id.* (citation omitted).  "Moreover, anything less than a reasonable inquiry would frustrate Congress's goal to create a system that permits consumers to dispute credit inaccuracies." *Id.*

In addition, the FCRA "requires a furnisher to 'review all relevant information provided by the [CRA] pursuant to [§] 1681i(a)(2).'" *Id.*, quoting 15 U.S.C. § 1681s-2(b)(1)(B). "[F]irst and foremost a furnisher must review all relevant information

provided to it by a CRA regarding a dispute in order to comply with § 1681s–2(b)(1)(B)." *Id.* at 617. "Additionally, the nature and specificity of the information provided by the CRA to the furnisher may affect the scope of the investigation required of the furnisher." *Id.*

By virtue of Mountain Run's default, the allegations in the complaint are deemed admitted as to Verizon. *Jefferson, supra*; see also *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006) ("[w]hen a defendant is in default, the well pleaded factual allegations in the Complaint, except those relating to damages, are taken as true").

Mountain Run violated the FCRA.  Mountain Run failed to conduct a proper investigation of Plaintiff's dispute. (Doc #1, ¶¶ 18, 26, 33)  Mountain Run failed to review all relevant information available to it and provided by Experian. (Doc #1, ¶¶ 17, 27, 34.)  The Obsolete Tradeline is inaccurate and creates a misleading impression in Plaintiff's Experian credit file. (Doc #1, ¶ 28, 34.)  Mountain Run failed or refused to delete the Obsolete Tradeline despite the alleged debt being outside the SOL. (Doc #1, ¶18.)  Mountain Run's failures violated 15 U.S.C. § 1681s-2(b)(1)(A) and (B) of the FCRA.  Moreover, Mountain Run's violations of the FCRA were willful.  (Doc #1, ¶¶ 34, 35.)

### 3.  Plaintiff seeks actual and statutory damages from Mountain Run

Plaintiff claims $5,000 for emotional distress as a result of Mountain Run's violations of the FCRA and FDCPA.  Plaintiff has experienced undue stress and anxiety due to Mountain Run's failures to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of Mountain Run's violations of the FCRA. (Doc #1, ¶ 23, Exhibit 1.) Moreover, Plaintiff has suffered mental anguish, suffering, humiliation, and embarrassment as a result of Mountain violations of the FCRA. (Doc #1, ¶¶ 29, 35, Exhibit 1.)  As a result of her emotional distress, Plaintiff has suffered from loss of sleep and headaches.  (Exhibit 1, ¶¶ 4-5.)

Damages recoverable under these statutes include emotional distress.  For example, in *Green v. Nationwide Arb. Servs., LLC*, No. 14-cv-14280, 2015 WL 7717165 (E.D. Mich. Nov. 30, 2015) (Hood, J.), the Court awarded the plaintiff $35,000 in emotional distress damages for her FDCPA claim.  *Green*, 2015 WL 7717165, at &2.)  In *McCollough v. Johnson, Rodenberg & Launinger, LLC*, 637 F.3d 939 (9th Cir. 2011), the Ninth Circuit upheld an award of $250,000 for emotional distress damages awarded for violations of the FDCPA. *McCollough*, 637 F.3d at 957-58.   In another case, the Ninth Circuit held that "[the plaintiff's] testimony alone is enough to substantiate the jury's award of emotional distress damages." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1040 (9th Cir. 2003) (upholding an award of emotional distress damages of either $223,155 or $123,155).

Plaintiff likewise claims statutory damages in the amount of $1,000 under the FDCPA.  15 U.S.C. § 1692k(a)(2)(A).  Plaintiff also claims punitive damages for Mountain Run's willful violations of the FCRA.  15 U.S.C. § 1681n(a)(2).

Based on the foregoing, Plaintiff requests this Court to enter default judgment in the amount of $5,000 for actual damages under the FCRA; $1,000 in statutory damages under the FDCPA; and $5,000 for punitive damages under the FCRA, for a total of $11,000 in damages, plus costs and attorney's fees that Plaintiff will seek pursuant to Fed. R. Civ. P. 54(d).  In the alternative, and pursuant to Fed. R. Civ. P. 55(b)(2)(B), Plaintiff requests this Court to schedule an evidentiary hearing as to determine the amount of Plaintiff's damages.

## CONCLUSION

For the foregoing reasons, Plaintiff requests this Court to enter judgment against Defendant in the amount of $11,000, plus costs and attorney's fees.  In the alternative, Plaintiff requests this Court to schedule an evidentiary hearing as to determine the amount of Plaintiff's damages.

*s/ Daniel M. Brennan*
Daniel Brennan
Bar Number 271142
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840
E-Mail: daniel@crlam.com
Attorneys for Plaintiff,

Ira Carroll

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 24, 2021, I electronically filed Plaintiff's Motion for Default Judgment Against Defendant, Mountain Run Solution, LLC, with the Clerk of the Court using the CM/ECF system which will automatically send email notifications of such filing to the attorneys of record. A true and correct copy of this document has also been served via First Class, U.S. Mail on Defendant, Mountain Run Services, at the following address:

Mountain Run Services, Inc.
RA: Registered Agent Solutions, Inc.
3000 Professional Dr. Ste. A
Springfield, IL 62703

/s/ *Daniel M. Brennan*
Daniel Brennan
Bar Number 271142

## **LOCAL RULE 7.1 CERTIFICATE OF COMPLIANCE**

I certify that the foregoing pleading filed with the Clerk of Court has been prepared in 14-point Times New Roman font in accordance with Local Rule 5.1(C).

**_/s/ Daniel M. Brennan_**